**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BRADLEY KEITH BIGHAM,** ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | **CIVIL NO. 09-424-GPM** |
| vs. ) | |
| ) | **CRIMINAL NO. 99-40033-02-GPM** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent/Plaintiff. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

### BACKGROUND

Petitioner pleaded guilty to conspiracy to distribute crack cocaine and was sentenced to 151 months imprisonment followed by 5 years of supervised release. *See United States v. Bigham*, Criminal Case No. 99-40033-02-GPM (S.D. Ill.). His sentence later was reduced to 80 months imprisonment.

In 2008, the Government filed a petition to revoke Petitioner's supervised release based on the following alleged violations: (1) commission of another federal, state, or local crime based on charges filed in Cape Girardeau County, Missouri; (2) possession of a controlled substance; (3) failure to participate in substance abuse treatment; (4) failure to file timely monthly reports; and (5) failure to notify probation of change in employment. *Id.* During a hearing on June 9, 2008, Petitioner admitted the violations set forth in (2) through (5) but denied that he had committed

another crime in Cape Girardeau County, Missouri. After testimony was given and exhibits were tendered into evidence, the Court found, by a preponderance of the evidence, that Petitioner had committed another crime (and the other alleged violations). Petitioner was sentenced to 36 months imprisonment. Petitioner did not appeal the revocation of supervised release or his sentence.

On or about December 2, 2008, an Assistant Prosecuting Attorney for Cape Girardeau County, Missouri, dismissed the underlying criminal charges against Petitioner.

### THE MOTION

In the instant § 2255 motion, Petitioner contends that the Cape Girardeau County criminal charges were dismissed "due to fingerprint/DNA evidence which was favorable to [him]." Because the charges were dismissed, Petitioner contends that the revocation of supervised release based on the Court's finding that he had committed the offense is in error and that he should be re-sentenced based only on the "technical violations" he committed.

### DISCUSSION

The dismissal of the underlying criminal charges by Cape Girardeau County, Missouri, does not automatically vitiate this Court's finding that Petitioner committed the offense for purposes of revoking supervised release. To be found guilty of the underlying criminal charge in State court, state prosecutors would have had to produce evidence that Petitioner was guilty beyond reasonable doubt. In his federal supervised release proceeding, however, the federal government needed only to demonstrate by a preponderance of evidence that Petitioner committed the offense. *United States v. Wright*, 92 F.23d 502, 504 (7th Cir. 1996); 18 U.S.C. § 3583(e)(3). The Government demonstrated by a preponderance of evidence that Petitioner committed the underlying offense; therefore, Petitioner's motion to vacate, set aside, or correct sentence is **DENIED**, and all pending motions are

**DENIED as moot**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED**.

DATED:  11/12/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge